IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Keith Edward Kasyjanski,<br><br>    Plaintiff,<br><br>v.<br><br>Daniel L. Adams; Andrew T. Ellison; Patrick Clemens; Jordan Sanner; Officer Downing; Everett Everest; Hodge Claude cc Hodge; Harriet Squirewell; Jennifer Alleyne; FNU Bryant; Allen McCoy; Eric White; Allison Spiers Spears; Deon Artis; and Kendra Bouknight,<br><br>    Defendants. | C/A No.: 0:25-cv-1376-JFA<br><br><br>**ORDER** |

I.  **INTRODUCTION**

Keith Edward Kasyjanski (Plaintiff), proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 1983, alleging that the named defendants violated his First, Second, Fourth, Fifth, and Fourteenth Amendment rights (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

On March 20, 2025, the Magistrate Judge issued an order and notice, identifying deficiencies in the complaint and warning Plaintiff that a failure to address the deficiencies may result in summary dismissal of the case. (ECF No. 11). Plaintiff subsequently submitted an amended complaint. (ECF No. 13). After reviewing Plaintiff's amended complaint, the Magistrate Judge issued a thorough Report and

Recommendation, recommending that this Court dismiss Plaintiff's case without leave for further amendment for failure to state a claim upon which relief may be granted. (ECF No. 18, pg. 11). The Report further notified Plaintiff of his right to object to the Report and the consequences of failing to do so. *Id.* at 12. Thereafter, Plaintiff submitted two untitled documents, which this Court construes as objections. (ECF Nos. 21 & 23). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

The Report concludes that Plaintiff's case should be dismissed for failure to state a claim upon which relief may be granted. In an apparent response, Plaintiff submitted a

series of incoherent ramblings that fail to elucidate his claims or in any way address the Report.

For example, in a filing dated April 2, 2025, Plaintiff, without referencing the Report, defines federal question and removal jurisdiction. (ECF No. 21, pg. 1). Additionally, Plaintiff states, "peaceful free speech, right to travel in us law, an peaceful bear arms 2nd amendment from year 2021 to year 2025 no violence!" *Id.* at 2. Further, Plaintiff attaches various court documents and argues that a "statement" he made that predates this lawsuit was a "good statement." (ECF No. 21-1, pgs. 1–4). Similarly, in a letter dated April 15, 2025, Plaintiff informs the Court that he is studying § 1983 material and searching for an attorney for fear that he cannot proceed on his own. (ECF No. 23, pg. 1). Plaintiff then describes the federal removal statute and the pleading standard in federal civil cases. *Id.* at 2.

Plaintiff's filings ignore the Magistrate Judge's findings and recommendations and fail to engage with or reference the Report in any meaningful way. Thus, Plaintiff has failed to provide proper objections to the Report or otherwise show why this action should not be summarily dismissed. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Plaintiff has failed to offer any specific objections which would allow for a *de novo* review, the court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Consequently, this court has reviewed the Report and finds no error that warrants any further action or correction.

IV. **CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 18). Therefore, this action is summarily dismissed with prejudice, without leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

May 20, 2025                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge